UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| PAUL T. SHEPHERD, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | 3:09-CV-393 (PHILLIPS/GUYTON) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

# **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] and Defendant's Motion for Summary Judgment [Doc. 20]. Plaintiff Paul T. Shepherd ("Plaintiff"), seeks judicial review of the decision of Administrative Law Judge ("ALJ") K. Dickson Grissom denying him benefits, which was the final decision of Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On November 21, 2006, Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). On both applications, Plaintiff alleged a period of disability which began on October 12, 2004. [Tr. 11]. After his applications were denied initially and also denied upon reconsideration, Plaintiff requested a hearing. On March 3, 2009, a hearing was held before ALJ K. Dickson Grissom to review the determination of Plaintiff's claim. [Tr. 19-37]. On May 18, 2009, the ALJ found that Plaintiff was not under a disability from July 12, 2004,

through July 1, 2008. [Tr. 11-18]. On July 13, 2009, the Appeals Council denied Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner. [Tr. 1-4]. Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

**I.     ALJ FINDINGS**

The ALJ made the following findings:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2009.

2. The claimant did not engage in substantial gainful activity during the alleged period of disability, July 12, 2004 through July 1, 2008 (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: chronic obstructive pulmonary disease (COPD), osteoarthritis, degenerative disk disease, and hypertension (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can work around no environmental pollutants.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on August 12, 1953 and was 51 years old, which is defined as an individual closely approaching advanced age, on the disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

2

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant was not under a disability, as defined in the Social Security Act, from July 12, 2004 through July 1, 2008 (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 13-17].

## II. DISABILITY ELIGIBILITY

An individual is eligible for DIB if he is insured for DIB, has not attained retirement age, has filed an application for DIB, and is under a disability. 42 U.S.C. § 423(a)(1). An individual is eligible for SSI if he has financial need and he is aged, blind, or under a disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical and/or mental impairments are of such severity that he is not only unable to do his previous work, but also cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

Whether a DIB or SSI claimant is under a disability is evaluated by the Commissioner

pursuant to a sequential five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant bears the burden of proof at the first four steps. Id. The burden of proof shifts to the Commissioner at step five. Id. At step five, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards

and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007); Richardson v. Perales, 402 U.S. 389, 401 (1971) (citing Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings[1] promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) ("Although substantial evidence otherwise supports the decision of the Commissioner in this case, reversal is required because the agency failed to follow

---

[1] See Blakley, 581 F.3d at 406 n.1 ("Although Social Security Rulings do not have the same force and effect as statutes or regulations, '[t]hey are binding on all components of the Social Security Administration' and 'represent precedent final opinions and orders and statements of policy' upon which we rely in adjudicating cases.") (quoting 20 C.F.R. § 402.35(b)).

5

its own procedural regulation, and the regulation was intended to protect applicants like [plaintiff]."); id. at 546 ("The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to 'set aside agency action...found to be...without observance of procedure required by law.'") (quoting 5 U.S.C. § 706(2)(d) (2001)); see also Rogers, 486 F.3d at 243 (holding that an ALJ's failure to follow a regulatory procedural requirement actually "denotes a lack of substantial evidence, even when the conclusion of the ALJ may be justified based upon the record"). "It is an elemental principal of administrative law that agencies are bound to follow their own regulations," Wilson, 378 F.3d at 545, and the Court therefore "cannot excuse the denial of a mandatory procedural protection...simply because there is sufficient evidence in the record" to support the Commissioner's ultimate disability determination, id. at 546. The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and "will not result in reversible error *absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses*." Wilson, 378 F.3d at 546-47 (emphasis added) (quoting Connor v. United States Civil Service Comm'n, 721 F.2d 1054, 1056 (6th Cir. 1983)). Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547 (holding that an ALJ's violation of the rules for evaluating the opinion of a treating medical source outlined in 20 C.F.R. § 404.1527(d) was a deprivation of an "important procedural safeguard" and therefore not a harmless error). If a procedural error is not harmless, then it warrants reversing and remanding the Commissioner's disability determination.

Blakley, 581 F.3d at 409 (stating that a procedural error, notwithstanding the existence of substantial evidence to support the ALJ's ultimate decision, requires that a reviewing court "reverse and remand unless the error is a harmless *de minimis* procedural violation").

On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV. ANALYSIS

Plaintiff raises just one argument on appeal: he contends that the ALJ's determination of his physical residual functional capacity ("RFC") was not supported by substantial evidence. [Doc. 14 at 8]. Plaintiff argues that the ALJ erred when determining his physical RFC by failing to adequately explain why he discounted the opinion of a consultative physician, Dr. Eva Misra. [Doc. 14 at 6, 9]. Plaintiff also argues that it was error for the ALJ to favor the opinion of a non-examining source over that of Dr. Misra. [Doc. 14 at 8]. Plaintiff argues that these errors caused the ALJ to make a physical RFC determination that was incorrect and unsupported by the record. Plaintiff concludes that the ALJ's finding that he has the physical RFC to "perform light work as defined in 20 CFR 404.1567(b) and 415.967(b) except he can work around no environmental pollutants," [Tr. 14], was not supported by substantial evidence.

In response, the Commissioner contends that the ALJ considered the entire record, and that substantial evidence supported his determination of Plaintiff's physical RFC. [Doc. 21 at 8]. The Commissioner asserts that the ALJ properly considered Dr. Misra's opinion, and he points out that "the ALJ only took issue with Dr. Misra's postural limitations, which restricted Plaintiff to two hours of standing and walking." [Doc. 21 at 9]. The Commissioner argues that it was appropriate

7

for the ALJ to reject the postural limitations because they were inconsistent with Dr. Misra's own "testing and objective findings." [Doc. 21 at 9]. The Commissioner also argues that the ALJ's reasons for rejecting Dr. Misra's postural limitations are plain from the decision. [Doc. 21 at 10]. He further argues that the ALJ's decision to give little weight to Dr. Misra's opinion that Plaintiff was disabled was both reasonable and supported by substantial evidence.

The Court agrees with the Commissioner and finds that the ALJ properly considered Dr. Misra's opinion and explained his reasons for rejecting the postural limitations contained therein. Dr. Misra provided a Medical Opinion Form (physical) [Tr. 154-63] on January 24, 2007. On the form, Dr. Misra opined that Plaintiff was capable of the following: sitting without restriction; standing or walking with normal breaks for a total of 2 hours during an 8 hour workday; lifting and carrying including upward pulling for up to one-third of an 8-hour work day 1-20 pounds; lifting and carrying 1-20 pounds frequently. [Tr. 157].

The ALJ accurately presented Dr. Misra's opinion in his narrative decision. [Tr. 21]. He then expressly explained how he considered the opinion:

> As this opinion is made by an examining source, and most of it is consistent with the objective evidence of record, the opinion in most respects is given great weight. The only portion of the opinion that is not given great weight is in regard to the standing/walking for a period of at least 2 hours. The Administrative Law Judge has carefully reviewed the objective evidence of record, and such evidence does not appear to indicate that the claimant would be limited to such a degree. Therefore, the opinion in respect to standing/walking is not given great weight.

[Tr. 15].

It is clear that the ALJ provided a reason for his decision to give little weight to Dr. Misra's opinion regarding Plaintiff's ability to stand and walk: this opinion was inconsistent with the record as a whole. See 20 C.F.R. § 404.1527(d)(4). Plaintiff argues that the ALJ did not adequately

8

explain how Dr. Misra's opinion was inconsistent with the record. [Doc. 14 at 8]. The Court disagrees, and finds that the ALJ adequately stated why he discounted Dr. Misra's opinion.

When determining a claimant's physical RFC, an ALJ is required to evaluate every medical opinion in the record, regardless of its source. 20 C.F.R. § 404.1527(d). A "medical opinion" is defined as a statement from a physician, psychologist, or "other acceptable medical source" that reflects "judgments about the nature and severity of [a claimant's] impairment(s)." 20 C.F.R. § 404.1527(a)(2). A medical source is considered a *treating* medical source if he has provided medical treatment or evaluation, and he has had an ongoing treatment relationship with the claimant "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation [that is] typical for the [treated condition(s)]." Blakley, 581 F.3d at 407 (quoting 20 C.F.R. § 404.1502).

An ALJ "must" give a medical opinion provided by a *treating* source controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and it is "not inconsistent with the other substantial evidence in the case record." Wilson, 378 F.3d at 544; see 20 C.F.R. § 404.1527(d)(2). If an ALJ decides not to give controlling weight to the medical opinion of a treating source, he is required to explain why in his narrative decision. 20 C.F.R. § 404.1527(d)(2); Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987) (stating that while an ALJ is not bound by the opinions of a plaintiff's treating physicians, he is required to set forth some basis for rejecting these opinions).

In the absence of a treating source opinion that enjoys controlling weight, the ALJ must explain in his decision the weight given to both examining and non-examining source opinions. 20 C.F.R. § 404.1527(f)(2)(ii); SSR 96-6p (07/02/96), 1996 WL 374180, at *5. This duty is heightened if the ALJ disagrees with a medical opinion regarding the claimant's functional limitations. SSR

96-8p (07/02/96), 1996 SSR LEXIS 5, at *20. The opinion from an examining source generally deserves greater weight than that of a non-examining source. 20 C.F.R. § 404.1527(d)(1). In order to determine the proper weight of each medical opinion in the record, the ALJ must conduct a six-factor analysis. See 20 C.F.R. § 404.1527(d)(2). The ALJ must consider (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of and evidentiary basis for the opinion; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the source; and (6) anything else that tends to support or contradict the opinion. 20 C.F.R. § 404.1527(d)(2)-(6).

In this case, Dr. Misra was an examining source. Accordingly, her opinion was not due any special deference. The ALJ found that part of Dr. Misra's opinion was inconsistent with substantial objective evidence in Plaintiff's record, namely (1) Plaintiff's repeated failure to follow doctors' advice to stop smoking, (2) Plaintiff's present ability to work at the level of substantial gainful activity, (3) Plaintiff's limited treatment for pain through the use of over-the-counter medication, and (4) diagnostic findings by the state agency designated physician showing that Plaintiff can stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday and can sit (with normal breaks) for a total of about 6 hours in an 8-hour workday. [Tr. 15]. The Court finds that the ALJ adequately explained how Dr. Misra's opinion was inconsistent with prior treatment records and the opinion of the state agency designated physician.

It was reasonable for the ALJ to conclude that Dr. Misra's opinion was inconsistent with the opinion of the State Agency designated physician.[2] It was also reasonable for the ALJ to find that

---

[2] The ALJ described the opinion of the state agency designated physician as follows:

> It is the opinion of the State Agency designated physicians that the claimant can lift/carry 50 pounds on an occasional basis and 25

Dr. Misra's opinion was inconsistent with Plaintiff's treatment records. The ALJ was correct in noting that there was nothing in the record indicating that Plaintiff had a limitation of range of motion, swelling, or synovitis. [Tr. 16]. And Plaintiff fails to point to anything in the record that supported Dr. Misra's opinion that he would last on his feet only two hours in an eight-hour workday. Accordingly, the Court concludes that the ALJ provided good reasons that were supported by substantial evidence for his decision to give Dr. Misra's opinion little weight in the RFC determination process.

---

pounds on a frequent basis. He can stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday. He can sit (with normal breaks) for a total of about 6 hours in an 8-hour workday. He is unlimited in his ability to push and/or pull. The State Agency designated physicians found the claimant should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. However, they found the claimant had no postural, manipulative, visual, or communicative limitations. After a careful review of the entire objective evidence of record, the undersigned finds that this opinion is accorded great weight in every aspect except the lifting/carry area. The undersigned finds that this amount of weight is too excessive for the claimant.

[Tr. 15-16] (internal citations omitted).

The Court finds that the ALJ's summary of the State Agency designated physicians' opinion was fair and supported by substantial evidence.

11

## V.     CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED**[3] that the Commissioner's Motion for Summary Judgment **[Doc. 20]** be **GRANTED**, and Plaintiff's Motion For Judgment on the Pleadings **[Doc. 13]** be **DENIED**.

Respectfully submitted,

   s/ H. Bruce Guyton
United States Magistrate Judge

---

[3]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).